sustained absent a clear abuse of discretion or error of law?

In the Matter of Frank THOMPSON–McLEOD.

No. 340 Disciplinary Docket No. 3.

Supreme Court of Pennsylvania.

Aug. 18, 1997.

*ORDER*

PER CURIAM:

AND NOW, this 18th day of August, 1997, Frank Thompson–McLeod having been suspended from the practice of law in the State of Tennessee for a period of one year by Order of the Supreme Court of Tennessee at Nashville dated September 19, 1996, retroactive to November 8, 1995; the said Frank Thompson–McLeod having been directed on June 19, 1997, to inform this Court of any claim he has that the imposition of the identical or comparable discipline in this Commonwealth would be unwarranted and the reasons therefor; and no response having been filed, it is

ORDERED that Frank Thompson–McLeod is suspended from the practice of law in this Commonwealth for a period of one year, and he shall comply with all the provisions of Rule 217, Pa.R.D.E.

OFFICE OF DISCIPLINARY COUNSEL, Petitioner,

v.

James Joseph FRITZ, Respondent.

No. 360 Disciplinary Docket No. 3.

Supreme Court of Pennsylvania.

Aug. 18, 1997.

*ORDER*

PER CURIAM:

AND NOW, this 18th day of August, 1997, there having been filed with this Court by James Joseph Fritz his verified Statement of Resignation dated July 14, 1997, stating that he desires to resign from the Bar of the Commonwealth of Pennsylvania in accordance with the provisions of Rule 215, Pa. R.D.E., it is

ORDERED that the resignation of James Joseph Fritz be and it is hereby accepted and he is DISBARRED ON CONSENT from the Bar of the Commonwealth of Pennsylvania; and it is further ORDERED that he shall comply with the provisions of Rule 217, Pa.R.D.E. Respondent shall pay costs, if any, to the Disciplinary Board pursuant to Rule 208(g), Pa.R.D.E.